AO 91 (Rev. 11/11) Criminal Complaint

US MAGISTRATE COURT
JSH-SDTX    CLR
FILED
APR - 3 2015
David J. Bradley, Clerk
Laredo Division

# UNITED STATES DISTRICT COURT
### for the
Southern District of Texas

| United States of America | ) |
|---|---|
| v. | ) |
| | ) Case No. 5:15mj 394-1 |
| Johnny Lee TREVINO | ) |
| | ) |
| | ) |
| Defendant(s) | ) |

let + p/e 4/6/15 12AM

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __4/1/2015__ in the county of __Jim Hogg__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21 USC 841(a)(1) | Knowingly and unlawfully posses with the intent to distribute a controlled substance listed under Schedule I of the Controlled Substance Act, to wit; approximately 11 kilograms of heroin and 350 grams of crystal methamphetamine. |

This criminal complaint is based on these facts:

See attachment A

☑ Continued on the attached sheet.

_____
Complainant's signature

Special Agent Adam Lawler
Printed name and title

Sworn to before me and signed in my presence.

Date: 4/3/2015

City and state: Laredo, Texas

_____
Judge's signature

U.S. Magistrate Judge J. Scott Hacker
Printed name and title

# ATTACHMENT A

On April 1, 2015, United States Border Patrol (USBP) agents at the Hebbronville, Texas checkpoint on Hwy 359 were manning the primary inspection lane when a 2004 grey Volvo sedan, operated by Johnny Lee TREVINO, approached. While TREVINO was stopped and talking with USBP Officer Garcia, USBP Officer Faz's K-9, Clea, conducted a free air sniff of the vehicle's exterior and positively alerted the presence of narcotics at the rear of the vehicle. USBP Officer Garcia observed that TREVINO was nervous and overly talkative during this time. TREVINO was unable to produce a valid driver's license but was positively identified through a Texas identification card bearing TREVINO's name, date of birth, and photograph. At this time, TREVINO and the vehicle were sent to secondary inspection.

At that time, K-9 Clea again positively alerted to a black duffel bag in the trunk of the Volvo. During this time, TREVINO continued to be questioned as to his travels. USBP Officer Garcia observed that TREVINO was unable to identify any streets he had traveled, or the hospital or its location, where TREVINO claimed to have visited his sick mother. USBP Officer Garcia observed that TREVINO provided an inaccurate timeline of his travels, claiming he traveled from Houston, TX to Laredo, TX via Freer, TX.

Based on the free air sniff and positive K-9 alert on the duffel bag, USBP Officer Faz searched the bag and located a fire extinguisher. USBP Officer Faz observed the fire extinguisher was unusually heavy, and USBP Officer Garcia agreed and observed the same. When questioned, TREVINO stated that he always travels with fire extinguishers because he has seen a lot of accidents and has helped put several fires out. Based on the above, USBP Officer Scott used a backscatter x-ray machine to compare TREVINO's fire extinguisher to a normal, full fire extinguisher and observed anomalies in TREVINO's extinguisher, that were inconsistent with a normal, fully functioning fire extinguisher. TREVINO volunteered to test and show that the fire extinguisher functioned as normal; but TREVINO was unable to make the fire extinguisher function at all. This revealed that the fire extinguisher found in TREVINO's vehicle was a non-working, unusable fire extinguisher.

A second fire extinguisher was also found in the trunk, wrapped in a black plastic bag. Both fire extinguishers were found to be unusable and both were non-pressurized. The fire extinguishers were then opened, in which USBP Officers located approximately 11 kg of heroin and approximately 350 grams of crystal methamphetamine. Field tests performed on both substances yielded positive results of each. A total of four bundles of black tar heroin wrapped in cellophane plastic, and one bundle of crystal methamphetamine, were located.

DEA Special Agent (SA) Adam Lawler and DEA Task Force Officer (TFO) Rolando Flores arrived to interview TREVINO upon his arrest by USBP Officers. TREVINO was read his Miranda rights and agreed to waive them. TREVINO admitted to knowingly transporting the fire extinguishers, and stated that TREVINO knew there were narcotics concealed inside of them, although TREVINO did not know the type of narcotics. TREVINO stated that TREVINO was to be paid $5000 to transport the drugs from Laredo to Falfurrias, Texas. TREVINO was arrested by DEA SA Lawler and TFO Flores without incident.